UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENENTECH HERCEPTIN (TRASTUZUMAB)
MARKETING AND SALES PRACTICES LITIGATION                MDL No. 2700

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Oklahoma. This litigation consists of nine actions pending in eight districts, as listed on Schedule A. Defendant Genentech, Inc. opposes centralization. Alternatively, should the Panel centralize this litigation, Genentech suggests centralization in the Northern District of California.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Oklahoma will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from Genentech's marketing and sales of Herceptin (trastuzumab), a prescription medication for the treatment of certain types of breast cancer. Plaintiffs in all the actions are oncology providers who allege that Genentech breached its warranties regarding the amount, volume, or concentration of Herceptin that it sold them.

Genentech raises several arguments against centralization, but none is persuasive. First, Genentech argues that the common factual issues presented in this litigation are not sufficiently numerous or complex to merit centralization. As Genentech itself has stated, however, "[t]his is not a typical breach of warranty case."[2] Rather, this litigation will involve discovery concerning Genentech's manufacturing, formulation, and labeling of Herceptin. These common factual issues are sufficiently complex to merit centralized treatment.

Genentech also argues that plaintiffs are improperly seeking to "bypass" a jurisdictional ruling by the court in the Northern District of Oklahoma, in which it held that certain non-Oklahoma entities (including many of the plaintiffs in the actions listed on Schedule A) could not join the

---

[1] Genentech also requests, in the event that the Panel centralizes this litigation, that we modify the title of this proceeding to reflect its full corporate name: Genentech, Inc. Plaintiffs did not respond to this request.

[2] Reply Br. Ex. 2 (Def.'s Obj. to Prot. Order at 1, *Tulsa Cancer Inst., PLLC v. Genentech Inc.*, C.A. No. 4:15-00157 (N.D. Okla. Feb. 8, 2016)), ECF No. 22-2.

Oklahoma lawsuit.[3]  Plaintiffs, though, are not seeking to circumvent an unfavorable jurisdictional decision—Genentech itself admits that the Oklahoma court has jurisdiction over it with respect to the Oklahoma-based plaintiffs.  Instead, plaintiffs seek a means to coordinate this litigation in light of the necessity of filing separate actions in eight districts across the country.  This purpose is consistent with the goals of Section 1407.

Finally, Genentech contends that alternatives to centralization, such as informal cooperation between the parties and coordination among the involved courts, are preferable to centralization.  In this instance, however, we are persuaded that centralization is the best option for this litigation.  Although the same counsel represents the plaintiffs in these actions, the contentious relationship between the parties in the Oklahoma action suggests that centralization of these nine actions before a single judge likely will yield greater efficiency and cost benefits for both the parties and the courts than informal cooperation and coordination.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We select the Northern District of Oklahoma as the appropriate transferee district for this litigation.  The first-filed and most procedurally advanced action is pending in that district, and it is supported by all plaintiffs.  The Honorable Terence C. Kern has presided over the action pending in this district for nearly a year, and thus has developed some familiarity with both the issues in this litigation and with counsel.  The Northern District of Oklahoma also provides a geographically central forum for this nationwide litigation.  Finally, centralization before Judge Kern allows us to assign this litigation to an able and experienced jurist who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Oklahoma are transferred to the Northern District of Oklahoma and, with the consent of that court, assigned to the Honorable Terence C. Kern for coordinated or consolidated pretrial proceedings.

---

[3] *See Tulsa Cancer Inst., PLLC v. Genentech Inc.*, C.A. No. 4:15-00157, 2016 WL 141859 (N.D. Okla. Jan. 12, 2016).

-3-

IT IS FURTHER ORDERED that MDL No. 2700 is renamed *In re: Genentech, Inc., Herceptin (Trastuzumab) Marketing and Sales Practices Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: GENENTECH HERCEPTIN (TRASTUZUMAB)
MARKETING AND SALES PRACTICES LITIGATION         MDL No. 2700

# SCHEDULE A

<u>Middle District of Florida</u>

FLORIDA CANCER SPECIALISTS, P.L. v. GENENTECH, INC., C.A. No. 2:16-00086

<u>District of Minnesota</u>

MINNESOTA ONCOLOGY HEMATOLOGY, P.A. v. GENENTECH, INC.,
C.A. No. 0:16-00245

<u>Eastern District of New York</u>

NORTH SHORE HEMATOLOGY-ONCOLOGY ASSOCIATES, P.C. v.
GENENTECH, INC., C.A. No. 2:16-00539

<u>Northern District of New York</u>

HEMATOLOGY-ONCOLOGY ASSOCIATES OF CENTRAL NEW YORK, P.C. v.
GENENTECH, INC., C.A. No. 5:16-00121

<u>Northern District of Oklahoma</u>

TULSA CANCER INSTITUTE, PLLC, ET AL. v. GENENTECH, INC.,
C.A. No. 4:15-00157

<u>Middle District of Tennessee</u>

TENNESSEE ONCOLOGY, PLLC v. GENENTECH, INC., C.A. No. 3:16-00190

<u>Western District of Texas</u>

CANCER CARE NETWORK OF SOUTH TEXAS, P.A. v. GENENTECH, INC.,
C.A. No. 5:16-00127

<u>Eastern District of Virginia</u>

VIRGINIA ONCOLOGY ASSOCIATES, P.C. v. GENENTECH, INC.,
C.A. No. 2:16-00049
VIRGINIA CANCER INSTITUTE INCORPORATED v. GENENTECH, INC.,
C.A. No. 3:16-00070